# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

October 24, 2013

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STEPHANIE D. DALTON,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0315**  (BOR Appeal No. 2046405)
(Claim No. 2010115440)

**BROADDUS HOSPITAL ASSOCIATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stephanie D. Dalton, by Christopher J. Wallace, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Broaddus Hospital Association, by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 21, 2012, in which the Board affirmed a January 21, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 4, 2010, decision, which denied a request to add the diagnoses of herniated cervical disc and psychological aggravation as compensable conditions of Ms. Dalton's claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Dalton worked as a certified nursing assistant at Broaddus Hospital Association. On October 12, 2009, she received an injury to her left shoulder, forearm, and elbow while lifting a patient to take him to the bathroom. Although Ms. Dalton received various treatments based on this claim, she continued to experience pain including neck pain radiating down to her forearm. Ms. Dalton was examined by Dr. Mahmoud in May of 2010. Dr. Mahmoud found that Ms. Dalton had no psychiatric problems of depression or anxiety. Dr. Mahmoud also believed that Ms. Dalton's cervical pain was due to degenerative disc disease and not her compensable injury.

1

An MRI of Ms. Dalton's cervical spine at that time revealed a partial fusion of the C6-7 disc and mild diffuse disc bulge at C5-6. Following this MRI, Mr. Kidd, a physician's assistant, requested the addition of cervical disc herniation as a compensable condition of the claim. Mr. Kidd's request also indicated that aggravation of Ms. Dalton's psychological condition should be added to the list of her compensable conditions. The claim was then referred to Dr. Short who pointed out that Ms. Dalton had a congenital condition which caused the partial fusion at C6-7 and may be the cause of her C5-6 disc bulge. Dr. Short recommended a denial of Ms. Dalton's cervical and psychiatric conditions. The claims administrator denied Mr. Kidd's request to add cervical herniated disc and psychological aggravation as compensable conditions of Ms. Dalton's claim. The Office of Judges affirmed the claims administrator's decision on January 21, 2011. The Board of Review affirmed the Office of Judges on February 21, 2012, leading Ms. Dalton to appeal.

The Office of Judges concluded that a preponderance of the evidence does not establish a causal relationship between Ms. Dalton's requested cervical herniated disc and her compensable injury. The Office of Judges found that Mr. Kidd's request to add herniated cervical disc as a compensable condition was not supported by medical documentation of the record. The Office of Judges found that Ms. Dalton's partial fusion of C6-7 was congenital in nature and not the result of her compensable injury. The Office of Judges also found that Ms. Dalton did not have a C5-6 disc herniation but that Ms. Dalton's upper extremity pain was due to degenerative disc disease based on the findings of Dr. Mahmoud. The Office of Judges also concluded that a preponderance of the evidence did not establish that Ms. Dalton suffered from an aggravation of her psychological condition caused by her compensable injury. The Office of Judges found that Ms. Dalton had received frequent treatment for anxiety and depression at the Belington Clinic prior to her injury. The Office of Judges also relied on findings by Dr. Mahmoud and determined that Ms. Dalton did not experience an aggravation of her psychiatric problems as a result of her compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges with respect to the denial of the request to add herniation of cervical disc as a compensable condition of the claim. The request is not supported by the evidence of the record. There is no credible evidence that Ms. Dalton has a herniated cervical disc. The reports of Dr. Short and Dr. Mahmond attribute Ms. Dalton's cervical symptoms to congenital and degenerative non-compensable conditions. The Office of Judges was correct to rely on these reports.

But the Order of the Board of Review is in clear violation of West Virginia Code of State Rules § 85-20-12.4 (2006) with respect to the denial of the request to add aggravation of a psychiatric condition as a compensable condition of the claim. This Court has recently held in *Hale v. West Virginia Office of Insurance Commissioner*, 228 W. Va. 781, 724 S.E.2d 752 (2012) that West Virginia Code of State Rules § 85-20-12.4 sets out a three-step process when determining the compensability of a psychiatric claim. First, the claimant's treating physician refers the claimant to a psychiatrist for an initial consultation; second, following the initial consultation, the psychiatrist is to make a detailed report; third, aided by the psychiatrist's report,

the claims administrator is to determine whether the psychiatric condition should be added as a compensable condition of the claim. *Hale*, 228 W. Va. at 786, 724 S.E.2d at 757. Ms. Dalton was not afforded an initial psychiatric consultation and the claims administrator denied the addition of the condition without the aid of a psychiatrist's report.

For the foregoing reasons, we find that the decision of the Board of Review, with respect to the denial of the addition of herniated cervical disc as a compensable condition, is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review with respect to the herniated cervical disc condition is affirmed.

We find that the decision of the Board of Review, with respect to the denial of the addition of psychological aggravation as a compensable condition, is in clear violation of statutory provisions. Therefore, the Court reverses the Board of Review's Order with respect to the psychiatric condition. This matter is remanded with directions to refer Ms. Dalton for an initial psychiatric consultation in accordance with this Court's holding in *Hale* and a determination of whether the psychiatric condition, if any, should be accepted as a compensable condition of Ms. Dalton's claim.

Affirmed in part, reversed and remanded in part.


**ISSUED:   October 24, 2013**


**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II