**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**T.E.C.,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0388** (BOR Appeal No. 2054911)
                        (Claim No. 2015019447)

**M & G POLYMERSE USA, LLC,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner T.E.C., by Counsel Edwin H. Pancake, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). M & G Polymers USA, LLC, by Counsel Alyssa A. Sloan, filed a timely response.[1]

The issue on appeal is additional compensable conditions. The claims administrator denied a request to add recurrent, severe major depressive disorder; post-traumatic stress disorder; and generalized anxiety disorder to the claim in two separate decisions dated November 28, 2016, and April 4, 2017. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decisions in its November 15, 2019, Order. The Order was affirmed by the Board of Review on May 21, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

---

[1]Due to the sensitive nature of the medical evidence, the Court has chosen to use initials in this case.

1

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

T.E.C., a maintenance worker was injured when a motor fell from a buggy and pinned his leg on January 14, 2015. A treatment note from St. Mary's Medical Center that day indicates T.E.C. injured his right third finger, right thigh, left shoulder, left thigh, left hand, and left foot. Right leg x-rays showed multiple femur fractures. T.E.C. was admitted to the hospital and underwent surgery the following day for severe segmental femur fracture. On January 16, 2015, T.E.C. underwent a second femur surgery. The claim was held compensable for left femur shaft fracture, left intertrochanteric femur fracture, and left shoulder abrasions on January 20, 2015. On March 2, 2015, the claim was held compensable for shoulder and upper arm abrasions and friction burn, hip crushing injury, closed intertrochanteric femur fracture, and closed femur shaft fracture. The claim was held compensable for left rotator cuff tear and impingement syndrome on May 15, 2015.

On March 17, 2016, T.E.C. underwent a Functional Capacity Evaluation in which it was found that T.E.C.'s pain, psychological questionnaire scores were high. This indicates pain and psychosocial issues like fear of pain/reinjury, high perceived level of disability, and a tendency to lose focus on pain could be contributing to T.E.C.'s disability.

In a September 19, 2016, treatment note, Mahija Kottapalli, M.D., noted that T.E.C. reported depression and anxiety that began immediately after his work-related injury. T.E.C. stated that he had suicidal thoughts, daily crying spells, obsessive thoughts, and insomnia. Dr. Kottapalli completed a Diagnosis Update requesting the addition of severe, recurrent major depressive disorder; post-traumatic stress disorder; and generalized anxiety disorder to the claim. He stated that T.E.C. was severely depressed and anxious with suicidal thoughts, flashbacks, and nightmares. T.E.C. was emotionally stable and healthy prior to the compensable injury. On November 28,

2016, the claims administrator denied the request to add recurrent, severe major depressive disorder; post-traumatic stress disorder; and generalized anxiety disorder to the claim.

Bobby Miller, M.D., performed an Independent Medical Evaluation on January 5, 2017, and prepared a report dated January 11, 2017, in which he noted that T.E.C. denied any prior mental health treatment. T.E.C. reported that prior to his injury he enjoyed a variety of activities but had not done those things since the injury. T.E.C. reported depression and anxiety. Dr. Miller performed a variety of testing and found evidence of malingering. Dr. Miller noted that T.E.C. scored extremely high on a malingering questionnaire. Dr. Miller diagnosed malingering but was unable to make any other diagnosis due to symptom magnification. During the evaluation, T.E.C. expressed suicidal thoughts, so Dr. Miller referred him to River Park Hospital.

On January 10, 2017, T.E.C. returned to Dr. Kottapalli, who stated that T.E.C. had an evaluation with Dr. Miller and was then referred to River Park Hospital. T.E.C. reported that his depression had increased. Dr. Kottapalli diagnosed major depressive disorder with psychotic features, post-traumatic stress disorder, and generalized anxiety disorder. On February 9, 2017, the diagnosis of unspecified psychosocial circumstances was added to T.E.C.'s diagnoses. The claims administrator denied a request to add recurrent, severe major depressive disorder; PTSD; and generalized anxiety disorder to the claim on April 4, 2017.

In a December 28, 2017, addendum, Dr. Miller stated that he was provided Dr. Kottapalli's treatment notes for review. He noted that T.E.C. did not seek mental health treatment until nearly two years after the compensable injury occurred, and he had been denied Social Security Disability benefits. Dr. Miller opined that the medical record did not show sufficient evidence to support Dr. Kottapalli's diagnoses. Dr. Miller further opined that T.E.C.'s symptoms could also stem from family illness, financial stressors, litigation, and life in general. He noted that T.E.C. reported his wife was ill, he was worried about his finances, and he was pursuing a lawsuit against his former employer.

In an August 15, 2018, Order, the Office of Judges affirmed the November 28, 2016, and April 4, 2017, claims administrator decisions. The Board of Review reversed and remanded the decision for additional evidence. It found that Dr. Miller's January 11, 2017, report could not be relied on to deny additional diagnoses because he found at that time that T.E.C. was suicidal and referred him to a psychiatric hospital.

A. Abascal, M.D.; C. Caveney, M.D.; and C. Lillard, Ph.D., performed a psychiatric evaluation on August 23, 2019, in which they determined that T.E.C. showed markedly elevated scores on testing for symptom magnification. Dr. Lillard concluded that T.E.C.'s presentation was consistent with that observed by Dr. Miller and that T.E.C. was likely feigning psychopathology. Dr. Abascal determined that T.E.C. did not meet the criteria for a psychiatric diagnosis. She stated that the diagnoses of major depressive disorder, post-traumatic stress disorder, and anxiety disorder were also considered but not given due to T.E.C. feigning symptoms. Dr. Abascal stated that there were multiple concerns during the evaluating supporting the conclusion that T.E.C. was feigning symptoms.

The Office of Judges affirmed the claims administrator's November 28, 2016, and April 4, 2017, decisions denying requests to add recurrent, severe major depressive disorder; post-traumatic stress disorder; and generalized anxiety disorder to the claim. It found that in *Hale v. West Virginia Office of the Insurance Commissioner*, 228 S.E.2d 752, 228 W. Va. 781 (2012), this Court outlined a three-step process for adding psychiatric conditions to a claim. First, the claimant's treating physician must refer the claimant to a psychiatrist for an initial evaluation. Second, the psychiatrist must make a detailed report consistent with West Virginia Code of State Rules § 85-20-12.4. Third, the claims administrator must determine whether the psychiatric condition should be added to the claim. The Office of Judges found that none of the steps set forth in *Hale* were followed in this case. T.E.C. was self-referred to Dr. Kottapalli, and Dr. Kottapalli provided no treatment records to the claims administrator. The claims administrator noted that a large reason for its denial of the request was that it was not provided with Dr. Kottapalli's treatment notes. Notwithstanding the procedural issues, the Office of Judges found that a preponderance of the evidence indicates the requested conditions should not be added to the claim. The Office of Judges found that Drs. Miller and Abascal both performed thorough psychological evaluations of T.E.C. T.E.C. underwent at least four psychological tests, all of which showed substantial signs of malingering. Both Drs. Miller and Abascal concluded that the requested conditions should not be added to the claim. The Office of Judges noted that despite opining that recurrent, severe major depressive disorder; post-traumatic stress disorder; and generalized anxiety disorder should be added to the claim, Dr. Kottapalli performed no psychological testing. The Office of Judges ultimately concluded that T.E.C. failed to prove by a preponderance of the evidence that the requested conditions should be added to the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 21, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). As noted above, the steps outlined in *Hale* for the addition of psychological conditions to a claim were not followed. Beyond that, psychological testing of T.E.C. failed to support Dr. Kottapalli's diagnoses. Both Drs. Miller and Abascal performed extensive psychological testing and both concluded that the results showed significant symptom fabrication and magnification. Neither physician was able to make a diagnosis due to malingering. T.E.C. failed to show that he developed severe, recurrent major depressive disorder; post-traumatic stress disorder; or generalized anxiety disorder as a result of his compensable injury.

Affirmed.

**ISSUED: September 22, 2021**


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton