# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FAYETTE COUNTY BOARD OF EDUCATION**
**Employer Below, Petitioner**

**vs.)    No. 22-ICA-95      (JCN: 2019002662)**

**KELLY L. ADKINS,**
**Claimant Below, Respondent**

**FILED**
**January 10, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Fayette County Board of Education appeals the August 31, 2022, order of the West Virginia Workers' Compensation Board of Review ("Board"). Respondent Kelly L. Adkins filed a timely response and a supplemental appendix.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in reversing the claim administrator's decision and granting Ms. Adkins an 11% permanent partial disability award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure, and a memorandum decision is appropriate to vacate and remand the matter for further proceedings consistent with this decision.

On July 26, 2018, Ms. Adkins, a schoolteacher, was preparing her classroom for the upcoming school year when several boxes fell on her head/back as she was attempting to remove them from a shelf. Ms. Adkins was knocked to the ground. She sought treatment two days later with complaints of pain, nausea, and dizziness. CT scans of Ms. Adkins's brain showed no abnormalities. Ms. Adkins was diagnosed with concussion without loss of consciousness. By order dated August 17, 2018, the claim was held compensable for concussion without loss of consciousness. Sometime later, the claim administrator added chronic posttraumatic headache as a compensable condition.

In November of 2018, Ms. Adkins was evaluated by Jennifer L. Lultschik, M.D. Ms. Adkins reported that she was struck by some falling milk crates that contained room

---

[1] Petitioner is represented by Jillian L. Moore, Esq. Respondent is represented by Stephen P. New, Esq., and Amanda J. Taylor, Esq.

decorations. Ms. Adkins claimed she did not recall whether she lost consciousness but stated that, since the accident, she suffered from anxiety and short-term memory/cognitive issues. Dr. Lultschik diagnosed Ms. Adkins with post-concussion syndrome and posttraumatic headache and referred her for neuropsychological testing.

Ms. Adkins underwent a neuropsychology assessment performed by David M. Scarisbrick, Ph.D., in December of 2018. Ms. Adkins reported issues such as attention/distractibility difficulties, absent-mindedness, forgetting items around the house, decreased reading retention, difficulty forming sentences, and difficulty with multitasking. Ms. Adkins also noted an increase in her anxiety and depression symptoms and stated she was easily moved to tears. Dr. Scarisbrick noted that Ms. Adkins's responses to questioning were indicative of emotional distress, overreporting of somatic complaints, and overreporting of memory complaints, but not to an extent to invalidate the results. Dr. Scarisbrick opined that, for Ms. Adkins's type of head injury, prolonged cognitive symptoms would be unusual. Dr. Scarisbrick further opined that Ms. Adkins was suffering from significant emotional distress and may be converting said distress into cognitive/physical/neurologic manifestations. In sum, Dr. Scarisbrick diagnosed Ms. Adkins with adjustment disorder with mixed anxiety and depression; major depressive disorder, moderate; and unspecified anxiety disorder.

In October of 2019, Ms. Adkins underwent an independent medical evaluation ("IME") performed by Timothy Thistlewaite, M.D., a psychiatrist. Ms. Adkins had continued problems with headaches, nausea, dizziness, cognitive issues, and short-term memory loss. Dr. Thistlewaite found that Ms. Adkins's memory deficits were supported by objective medical evidence, though they appeared to be mild, and that they were related to the compensable injury. Dr. Thistlewaite found that, per West Virginia Code of State Rules § 85-20 Exhibit B,[2] Ms. Adkins had a Global Assessment of Functioning rating of 70, which would place her in the mild range of impairment with 3% whole person impairment due to her complaints of poor concentration and short-term memory impairments.

_____

[2] According to West Virginia Code of State Rules § 85-20 Exhibit B, in part,

> Exhibit B shall be used to determine a claimant's psychiatric impairment rating using the classification consistent with the AMA Guides to the Evaluation of Permanent Impairment, Fifth Edition, in conjunction with the Axis V Global Assessment of Functioning Scale (GAF, DSM-IV-TR 2000, page 34), the claimant's treatment needs, and functional status.

However, "[d]isorders believed to have resulted from brain injury, such as cognitive disorders, should NOT be rated using this guideline, but should be evaluated according to relevant sections of Chapter 4 of the AMA Guides to the Evaluation of Permanent Impairment, Fourth Edition." *Id.*

On January 2, 2020, the claim administrator granted Ms. Adkins a 3% permanent partial disability award based on Dr. Thistlewaite's report. In May of 2020, Joseph E. Grady II, M.D., performed an IME of Ms. Adkins. Dr. Grady assessed "status post head injury with reported posttraumatic concussion syndrome" and noted that neuropsychiatric testing did reveal a mild degree of cognitive issues. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*, Fourth"), Dr. Grady determined that Ms. Adkins had a 3% whole person impairment relating to cognitive issues and 2% whole person impairment for dizziness, for a combined total of 5%. Following Dr. Grady's report, the claims administrator granted Ms. Adkins an additional 2% permanent partial disability award.

Ahmed D. Faheem, M.D., performed an IME of Ms. Adkins in July of 2020. Dr. Faheem's diagnostic impression was adjustment order with anxiety and depression and post-concussion syndrome with chronic recurrent headaches and mild cognitive impairment. Dr. Faheem rated Ms. Adkins per West Virginia Code of State Rules § 85-20 Exhibit B and the Global Assessment of Functioning Scale and opined that Ms. Adkins had 20% whole person impairment.

Also in July of 2020, Robert B. Walker, M.D., performed an IME of Ms. Adkins, who complained of chronic headaches, short term memory problems, limited driving, and a tendency to drop things. Dr. Walker diagnosed petitioner with post-concussion syndrome and, using the *Guides*, Fourth, found 11% whole person impairment for central nervous system deficit. Dr. Walker noted that Ms. Adkins "retains orientation, simple but not more complex serial subtraction, reading and writing, but [has a] significant recent memory deficit."

In February of 2022, Ms. Adkins underwent a final IME, which was performed by Timothy S. Allen, M.D. Dr. Allen concluded that Ms. Adkins "may have suffered a mild [traumatic brain injury] . . . but she did not lose consciousness, had no amnesia, was able to drive immediately after, and did not seek treatment until the next day." Dr. Allen stated that such an injury was unlikely to cause permanent neurological damage that would lead to cognitive impairment. Dr. Allen opined that Ms. Adkins repeatedly put her "worst foot forward" with testing and that her preexisting depression had developed into Somatic Symptom Disorder. Dr. Allen opined that Ms. Adkins's work injury "was a moderate aggravant of her preexisting condition." Dr. Allen rated Ms. Adkins according to West Virginia Code of State Rules § 85-20 Exhibit B and the Global Assessment of Functioning Scale and the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (5th ed. 2000) ("*Guides*, Fifth"), and assessed Ms. Adkins to have 5% whole person impairment "from psychiatrically mediated cognitive complaints and physical symptoms (dizziness, headaches, etc.)."

By order dated August 31, 2022, the Board reversed the claims administrator's order and granted Ms. Adkins an 11% permanent partial disability award in accordance with Dr.

3

Walker's report. The Board disregarded the reports of Dr. Thistlewaite and Dr. Faheem, finding that they did not use the proper guidelines to rate Ms. Adkins's impairment. The Board also disregarded the report of Dr. Allen, finding that he did not address the compensable conditions of concussion without loss of consciousness and chronic post-traumatic headache. As such, the Board found that the reports of Dr. Grady and Dr. Walker were the only reliable and valid ratings and further found that "[t]he preponderance of the evidence supports a finding that [Ms. Adkins] has 11% impairment for the compensable injury." Petitioner now appeals.[3]

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, the employer argues that the record is clear that the Board wrongfully weighed the evidence below and interpreted the evidence liberally in Ms. Adkins' favor, which it claims is statutorily improper. According to the employer, Ms. Adkins suffered only a mild impairment resulting from her concussion and was able to return to work after two to four weeks and has remained employed since that time. Further, the impairment ratings of three physicians indicated a mild impairment. Indeed, Dr. Thistlewaite, Dr. Grady, and Dr. Allen all reached the conclusion that Ms. Adkins suffered 5% impairment for her compensable injury. The employer argues that Dr. Allen's impairment rating should not have been disregarded simply because he did not mention the compensable injury by name. Dr. Allen clearly noted that petitioner had a mild traumatic brain injury, "which is essentially the same as a concussion." Lastly, the employer argues that the Board erred in accepting Dr. Walker's impairment. Dr. Walker found that Ms. Adkins had significant recent memory deficits, which is not supported by the evidence. Rather, Ms. Adkins' memory deficits were mild and were fully covered by the 5% permanent partial disability

---

[3] By order of October 5, 2022, this Court granted a stay pending appeal.

4

award. The employer concludes that, as such, the Board's decision to rely upon Dr. Walker's report was in direct contravention of the preponderance of the evidence standard and amounts to applying the liberality rule, which was abolished in 2003.

At the outset, we note that, contrary to the employer's claims, the Board did not err in disregarding the impairment ratings of Dr. Thistlewaite, Dr. Faheem, and Dr. Allen. Given the nature of Ms. Adkins's injury and her complaints, testing was done to determine whether there was a psychiatric component of her injury. However, no psychiatric conditions were held compensable. In *Hale v. West Virginia Office of the Insurance Commissioner*, 228 W. Va. 781, 724 S.E.2d 752 (2012), the Supreme Court of Appeals of West Virginia set forth a three-step process for adding psychiatric conditions to a claim:

> (1) the claimant's treating physician refers the claimant to a psychiatrist for an initial consultation; (2) following the initial psychiatric consultation, the psychiatrist is to make a detailed report consistent with the procedure described in W.Va. C.S.R. § 85-20-12.4 [2005]; and (3) the claims administrator, aided by the psychiatrist's report, is to determine whether the psychiatric condition should be added as a compensable injury in the claim.

*Id.*, 228 W. Va. at 782, 724 S.E.2d at 753, syl. pt. 2, in part. In the case at bar, Ms. Adkins was referred for psychiatric testing and obtained a report as a result, but no psychiatric conditions were held compensable by the claims administrator. As noted in West Virginia Code of State Rules § 85-20 Exhibit B, psychiatric impairment ratings are to be conducted using *Guides*, Fifth, which is what was used by Dr. Thistlewaite, Dr. Faheem, and Dr. Allen. However, cognitive disorders resulting from brain injuries are to be rated using *Guides*, Fourth. Here, no psychiatric conditions were held compensable, leaving only concussion without loss of consciousness and chronic headaches as compensable conditions. As such, any impairment ratings made using *Guides*, Fourth, were proper, and the Board did not err in disregarding any impairment ratings based on other guidelines.

We find, however, that the Board failed to make adequate findings of fact and conclusions of law when weighing the evidence between the impairment ratings of Dr. Grady and Dr. Walker. After disregarding three different impairment ratings, the Board was left with only the ratings of Dr. Grady and Dr. Walker to consider. The Board's sole finding when choosing between the two impairment ratings was that "[t]he preponderance of the evidence supports a finding that [Ms. Adkins] has 11% impairment for the compensable injury." This limited finding is insufficient to support appellate review, as the Board failed to make any findings regarding what evidence supported a finding in favor of Dr. Walker's recommendation over that of Dr. Grady's, and we are unable to properly review the Board's decision. As the Supreme Court of Appeals of West Virginia has pointed out, in order to properly review an order, it "must be sufficient to indicate the factual and legal basis for the . . . ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Collisi v. Collisi*, 231 W. Va. 359, 363-64, 745 S.E.2d 250, 254-

55 (2013) (quoting *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996)). Moreover, "[w]here the lower tribunals fail to meet this standard—*i.e.* making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Collisi*, 231 W. Va. at 364, 745 S.E.2d at 255 (quoting *Province*, 196 W. Va. at 483, 473 S.E.2d at 904). Due to the lack of findings, we find it necessary to vacate and remand the Board's August 31, 2022, order for the limited purpose of entry of an order that contains sufficient findings of fact and conclusions of law for appellate review.

Accordingly, we vacate and remand. The Clerk is hereby directed to issue the mandate contemporaneously with this memorandum decision.

Vacated and remanded.

**ISSUED:** January 10, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen

Judge Thomas E. Scarr, not participating.