# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JASON TRAVERS,**
**Claimant Below, Petitioner**

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)     No. 22-ICA-237     (JCN: 2021002306)**

**BLACKHAWK MINING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jason Travers appeals the October 11, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Blackhawk Mining filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the January 24, 2022, order of the claim administrator that denied adding post-traumatic stress disorder ("PTSD") and anxiety as compensable conditions to Mr. Travers' claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Travers was injured while working on Blackhawk Mining's mine move crew on August 3, 2020, when his head was pinned between two pieces of equipment as the mantrip in which he was riding continued to move. He was treated at Beckley Appalachian Regional Hospital for hematomas and laceration of the scalp requiring twenty-two staples, and a closed right rib fracture. Mr. Travers was treated by Kyle Muscari, D.O., on August 12, 2020. Dr. Muscari noted that Mr. Travers was injured at Blackhawk Mining when his head was stuck between two pieces of equipment. Dr. Muscari diagnosed thoracic back pain and enclosed fracture of the right rib.

By order dated August 18, 2020, the claim administrator approved Mr. Travers' claim for the injuries of head contusion and laceration. Mr. Travers continued to see Dr.

---

[1] Petitioner is represented by Reginald D. Henry, Esq. and Lori J. Withrow, Esq. Respondent is represented by Jane Ann Pancake, Esq. and Jeffrey B. Brannon, Esq.

1

Muscari in October and November of 2020 for the work injury. Dr. Muscari completed a return-to-work slip for Mr. Travers on November 16, 2020, stating that he could return to work on December 15, 2020. Accordingly, the claim administrator issued an order dated November 24, 2020, suspending TTD benefits.

Mr. Travers returned to Dr. Muscari on December 1, 2020, and complained of sharp pain in his thoracic region and in the posterior area of his right eighth rib, and stated that he did not think he could return to work. He also reported that had been experiencing anxiety since the work injury and denied any prior history of anxiety. Dr. Muscari assessed thoracic back pain, closed fracture to the right rib, and anxiety, and prescribed duloxetine for the anxiety.

Mr. Travers was referred for a psychological evaluation by Brandon Workman, D.O., a licensed psychiatrist. On May 12, 2021, Dr. Workman saw Mr. Travers for an initial evaluation. Dr. Workman's notes from that visit state that Mr. Travers

> was referred by his primary care doctor. He states that he essentially is here for workers' Comp reasons. He was hurt at work riding on a man trip in the coal mines and his head got pinned between a piece of equipment that was on top of man trip and another piece of equipment. He states that the man trip continued to move while his head with [sic] pin. He ended up with several staples and broken ribs. He says that initially there was a lot of flashbacks hypervigilance and increased anxiety and irritability and negative intrusive thoughts and dreams as well as avoidance. He states that some of that has gotten better and on most days things are improved however there are certain scenarios and he has a difficult time anticipating them where he will have a panic attack because there was a scenario that similar to the one which [sic] got hurt. He was placed on Cymbalta about 4-5 months after the event. This seemed to help little bit but still has hunted abated anxiety. He …. says blood pressure remains elevated and he is more tense as lower frustration tolerance feels more keyed up.

Dr. Workman also noted that Mr. Travers claimed he had been treated for PTSD and anxiety since his accident in August 2020. Dr. Workman assessed PTSD and anxiety, and prescribed Ativan for the PTSD and continued use of duloxetine for anxiety.

Mr. Travers returned to Dr. Workman on October 4, 2021, and reported that the Ativan seemed to be helping with his anxiety, and then discussed symptoms related to a previous diagnosis of attention deficit hyperactivity disorder ("ADHD"). Another office

visit on December 28, 2021, focused on treatment of continued ADHD symptoms and increasing dosage of medication for that disorder.

On January 10, 2022, Dr. Workman completed a HealthSmart Casualty Claims Solutions Diagnosis Update form seeking to add PTSD and anxiety disorder as compensable conditions to Mr. Travers' claim. In the section of the form where the physician is to indicate "clinical findings for the current diagnosis and advise how the present condition relates to the compensable injury," Dr. Workman stated, "[n]ervousness and stress appeared after work-related injury."

By order of January 24, 2022, the claim administrator denied the addition of PTSD and anxiety as compensable conditions. Mr. Travers protested the order. The Board concluded in its October 11, 2022, order that the request to add PTSD and anxiety was properly denied and affirmed the claim administrator's order. In its discussion, the Board observed that Mr. Travers did not follow step two of the required three-step procedure when seeking to add a psychiatric condition as a compensable injury under *Hale v. West Virginia Office of Insurance Commissioner,* 228 W. Va. 781, 724 S.E.2d 752 (2012). In missing that step, Mr. Travers' psychiatrist, Dr. Workman, failed to provide a detailed report consistent with the procedure described in West Virginia Code of Rules § 85-20-12.4 (2006), which would have explained the details of the initial consultation, and the specific facts, circumstances, and other authorities relied upon to determine the causal relationship of the psychiatric condition and the compensable injury. The Board further noted that the failure to provide this information and all other information required by West Virginia Code of State Rules § 85-20-8.1 would result in the denial of the additional psychiatric diagnosis. It is from this order that Mr. Travers now appeals.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-12a(b) (2022), as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1)     In violation of statutory provisions;
> (2)     In excess of the statutory authority or jurisdiction of the Board of Review;
> (3)     Made upon unlawful procedures;
> (4)     Affected by other error of law;
> (5)     Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6)     Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, ____ W. Va. ____, ____, ____ S.E. 2d ____, _____, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

In his appeal, Mr. Travers argues that Dr. Workman's medical record from the May 12, 2021, initial consultation constitutes the detailed report required by West Virginia Code of Rules § 85-20-12.4, and therefore the Board's decision was clearly wrong and should be reversed.

West Virginia Code of State Rules § 85-20-12.4 provides that:

> Services may be approved to treat psychiatric problems only if they are a direct result of a compensable injury. As a prerequisite to coverage, the treating physician of record must send the injured worker for a consultation with a psychiatrist who shall examine the injured worker to determine 1) if a psychiatric problem exists; 2) whether the problem is directly related to the compensable condition; and 3) if so, the specific facts, circumstances, and other authorities relied upon to determine the causal relationship. The psychiatrist shall provide this information, and all other information required in section 8.1 of this Rule in his or her report. Failure to provide this information shall result in the denial of the additional psychiatric diagnosis…
>
> a.     A Diagnosis Update Form WC-214 must be attached to the treating physician's report in order to request the psychiatric condition be added as an approved diagnosis.

Mr. Travers argues that because Dr. Workman's medical records assessed him with PTSD and anxiety, he has satisfied step one. He further claims that Dr. Workman's notes from the May 12, 2021, consultation, which state the details of Mr. Travers' workplace injury, and then list his complaints of psychiatric symptoms, sufficiently demonstrate the direct causal connection between the compensable injury and the psychiatric diagnoses as required in step two. Next, Mr. Travers claims that Dr. Workman's notes from that initial consultation show sufficient detail regarding the trauma Mr. Travers suffered, including from the accident itself, the injuries to his rib and head, and the subsequent psychiatric response, to satisfy step three. (Mr. Travers further asserts that Dr. Workman was not required to include the information required in section 8.1 of the Rule, despite the language of section 12.4 to the contrary.) Finally, Mr. Travers claims that the HealthSmart Diagnosis Update form signed by Dr. Workman satisfies the requirement for the submission of a

Diagnosis Update Form WC-214. Consequently, Mr. Travers asserts that he successfully met his burden to establish the compensability of the psychiatric conditions at issue, and that we should reverse the Board's decision and hold his claim compensable for PTSD and anxiety.

Upon our review, we find no error in the Board's decision to affirm the claim administrator's order. Mr. Travers was required to follow the procedure outlined in West Virginia Code of State Rules § 85-20-12.4 when seeking to add a psychiatric condition as compensable in his claim. He was referred to and evaluated by a licensed psychiatrist, Dr. Workman, but Dr. Workman did not provide the detailed report that included all the information outlined in sections 12.4 and 8.1, as is explicitly required under the Rule. *See Id*. Dr. Workman's bare statement on the Diagnosis Update form that "nervousness and stress appeared after work-related injury" is not enough to satisfy the requirement. The Rule states that failure to provide all the required information shall result in the denial of the additional psychiatric diagnosis. *Id*. Therefore, because of this procedural error, Mr. Travers is entitled to no relief.

Accordingly, we affirm the Board's October 11, 2022, order.

Affirmed.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen