724 S.E.2d 752

**John P. HALE, Petitioner**

v.

**WEST VIRGINIA OFFICE OF the INSURANCE COMMISSIONER and Rockspring Development, Inc., Respondents.**

No. 101028.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 7, 2012.

Decided March 22, 2012.

---

John C. Blair, Esq., Blair Law Offices, PLLC, Logan, WV, Attorney on behalf of Petitioner.

Marion E. Ray, Esq., Bowles, Rice, McDavid, Graff & Love, LLP, Charleston, WV, Attorney on behalf of Respondent Rockspring Development, Inc.

KETCHUM, Chief Justice:

The claimant/petitioner, John P. Hale ("Mr. Hale"), appeals a final order of the Workers' Compensation Board of Review ("BOR") dated August 9, 2010. In that order, the BOR affirmed a decision of the Workers' Compensation Office of Judges ("OOJ") denying Mr. Hale's request to add major depressive disorder as a compensable injury of his workers' compensation claim.

In this appeal we address whether a claimant must get prior authorization from the claims administrator before seeking an initial psychiatric consultation. For the reasons set forth below, we reverse the BOR's August 9, 2010, order and remand this matter for entry of an order directing that Mr. Hale receive a consultation with a psychiatrist who is to examine him and produce a report consistent with the procedure set forth in *W.Va.C.S.R.* § 85–20–12.4 [2005].

## I. Facts & Procedural Background

Mr. Hale, a roofbolter, injured his back on November 22, 2003, while lifting a 30 to 40 pound wooden pallet. Dr. Bonifacio Aranas treated him for this back injury, and the claim was held compensable for lumbosacral strain/sprain on December 31, 2003. Dr. Paul Bachwitt conducted an independent medical evaluation of Mr. Hale on June 9, 2004, and concluded that he had reached his maximum degree of medical improvement. Mr. Hale ultimately received a five percent permanent partial disability award for his back injury.

Following Dr. Bachwitt's examination, Mr. Hale sought psychiatric treatment at Marshall University Psychiatric Associates. William Downs, M.S.W.,[1] saw Mr. Hale during this consultation and concluded that he

> presented with prominent symptoms of major depressive disorder *precipitated probably by an accident last year* that had him off work from November through April ... He acknowledges a significant amount of anxiety which has been lifelong.

*It has certainly been exacerbated by his current dilemma.*

(Emphasis added).

After this consultation, Mr. Hale went to Richard Gardner, PA–C[2], who assessed him with "Major Depressive Disorder, Recurrent, Moderate Panic Disorder without Agoraphobia." Mr. Gardner's July 21, 2004, clinical record states that Mr. Hale has had problems with depression "for the last seven or eight years," but also notes that his depression has intensified due to his back pain from his work-related injury.

Due to Mr. Hale's ongoing depression, his treating physician, Dr. Aranas, submitted a Diagnosis Update form to the claims administrator requesting that depression be added as a compensable injury of Mr. Hale's claim. Dr. Aranas' request included his opinion that Mr. Hale's depression was directly related to the compensable back injury:

> *John Hale suffers from depression which I feel is a direct result of his workers comp injury.* He cannot maintain his normal lifestyle due to his medical condition.

(Emphasis added).

The claims administrator denied the request to add depression to Mr. Hale's claim for the following reasons: (1) the psychiatric symptoms did not arise within six months of the compensable injury[3]; (2) the initial psychiatric consultation and treatment were not authorized by the employer; and (3) the evidence submitted indicated that Mr. Hale's depression was a pre-existing condition.

The OOJ affirmed the claims administrator's decision by order entered on February 1, 2010.[4] The BOR affirmed the OOJ's deci-

---

1. Master of Social Work.

2. Physician Assistant—Certified.

3. Between the time the claims administrator made this finding and the time the OOJ reviewed this case, this Court invalidated *W.Va.C.S.R.* § 85–20–12.2a [2005], the regulation stating that a psychiatric injury must manifest itself within six months of the compensable injury. Syllabus Point 7 of *Bowers v. W.Va. Office of the Ins. Comm'r*, 224 W.Va. 398, 686 S.E.2d 49 (2009), states:

> Neither W.Va.Code § 23–4–16(b) (2005) (Repl.Vol.2005) nor W.Va.Code § 23–5–2 (2005) (Repl.Vol.2005) requires that, to be held compensable, symptoms of a "work injury-re-

lated psychiatric disorder" must manifest within six months of the underlying work-related injury or a significant complication thereof.

The employer in the present case acknowledges our holding in *Bowers* and does not argue that the ruling below should be upheld on the basis that Mr. Hale failed to report his depression within six months of his compensable injury.

4. The OOJ found that Mr. Hale failed to present sufficient evidence showing that his psychiatric problems were directly related to his compensable injury. The employer argues that the OOJ's order was proper based on the evidence in the record and urges this Court to affirm the decision on a strictly evidentiary basis.

sion on August 9, 2010. Mr. Hale subsequently appealed the BOR's decision to this Court.

## II. Standards of Review

Mr. Hale contends that the BOR erred in affirming the OOJ's order denying his request to add depression as a compensable injury of his workers' compensation claim. Our review of workers' compensation appeals is guided by the criteria set forth in *W.Va. Code* § 23-5-15 [2005]:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]
>
> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the supreme court of appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. If the court reverses or modifies a decision of the board pursuant to this subsection, it shall state with specificity the basis for the reversal or modification and the manner in which the decision of the board clearly violated constitutional or statutory provisions, resulted from erroneous conclusions of law, or was based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record.

▐ To the extent that our resolution of this matter requires us to interpret provisions contained in the *West Virginia Code of State Rules,* our review is *de novo.* "Inter-

preting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syllabus Point 1, *Appalachian Power Co. v. State Tax Dep't of W.Va.,* 195 W.Va. 573, 466 S.E.2d 424 (1995). With these standards in mind, we turn to the issues raised in this appeal.

## III. Analysis

▐ The main issue we address in this appeal is whether a claimant must get prior authorization from a claims administrator before seeking an initial psychiatric consultation. Before specifically addressing this issue, we note this Court has held that, "[i]n order for a claim to be held compensable under the Workmen's Compensation Act, three elements must coexist: (1) a personal injury (2) received in the course of employment and (3) resulting from that employment." Syllabus Point 1, *Barnett v. State Workmen's Comp. Comm'r,* 153 W.Va. 796, 172 S.E.2d 698 (1970). "A claimant in a workmen's compensation case must bear the burden of proving his claim but in doing so it is not necessary to prove to the exclusion of all else the causal connection between the injury and employment." Syllabus Point 2, *Sowder v. State Workmen's Comp. Comm'r,* 155 W.Va. 889, 189 S.E.2d 674 (1972). This Court has also stated that "a psychiatric disability arising out of a compensable physical injury may also be compensable." *Harper v. State Workmen's Comp. Comm'r,* 160 W.Va. 364, 366, 234 S.E.2d 779, 781 (1977).

### Initial Psychiatric Consultation

The claims administrator denied Mr. Hale's request to add depression to his claim, in part, because "Rule 20 indicates that the initial (psychiatric) evaluation and subsequent treatment must be authorized by the employer." In making this determination, the claims administrator relied on *W.Va. C.S.R.* § 85-20-12.5, which provides, in relevant part:

As we discuss at length in our analysis, the claims administrator improperly denied Mr. Hale's request to undergo an initial psychiatric consultation, and the record therefore lacked an expert psychiatric report for the claims administrator, OOJ and BOR to meaningfully assess

whether depression should be a compensable injury of Mr. Hale's claim. We note that the only expert medical opinion before the OOJ was that of Dr. Aranas who found that Mr. Hale's depression was directly related to his compensable injury.

12.5 Treatment guidelines. Treatment of mental conditions to injured workers is to be goal directed, time limited, intensive, and limited to conditions caused or aggravated by the industrial condition.

a. Initial evaluation and subsequent treatment must be authorized by Commission, Insurance Commissioner, private carrier or self-insured employer, whichever is applicable[.]

While this regulation states that a claimant must get prior authorization before seeking an initial psychiatric consultation, *W.Va. C.S.R.* § 85–20–9.10(g) expressly exempts a claimant from getting prior authorization for an initial psychiatric consultation:

9.10 The following services require prior review and authorization before services are rendered and reimbursement made:

g. Psychiatric treatment (does not include the initial psychiatric consultation)[.]

■ This issue requires us to interpret two conflicting regulations contained in Rule 20. To be valid, a regulation promulgated by an administrative agency must carry out the legislative intent of its governing statutes. In Syllabus Point 3 of *Rowe v. W.Va. Dep't of Corr.*, 170 W.Va. 230, 292 S.E.2d 650 (1982), this Court held:

It is fundamental law that the Legislature may delegate to an administrative agency the power to make rules and regulations to implement the statute under which the agency functions. In exercising that power, however, an administrative agency may not issue a regulation which is inconsistent with, or which alters or limits its statutory authority.

In the case *sub judice*, we have two regulations, *W.Va.C.S.R.* § 85–20–12.5(a) and *W.Va.C.S.R.* § 85–20–9.10(g), that are in direct conflict with each other. In order to resolve this conflict, we first look to a corresponding regulation contained in Rule 20, *W.Va.C.S.R.* § 85–20–12.4 [2005], which sets forth the process a claimant must follow to add a psychiatric condition to his/her claim. *W.Va.C.S.R.* § 85–20–12.4 states:

Compensability. Services may be approved to treat psychiatric problems only if they are a direct result of a compensable injury. As a prerequisite to coverage, the treating physician of record must send the injured worker for a consultation with a psychiatrist who shall examine the injured worker to determine 1) if a psychiatric problem exists; 2) whether the problem is directly related to the compensable condition; and 3) if so, the specific facts, circumstances, and other authorities relied upon to determine the causal relationship. The psychiatrist shall provide this information, and all other information required in section 8.1 of this Rule in his or her report *... Based on that report,* the Commission, Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, will make a determination, in its sole discretion, whether the psychiatric condition is a consequence that flows directly from the compensable injury.

(Emphasis added).

*W.Va.C.S.R.* § 85–20–12.4 can be distilled into a three-step process. First, a claimant's treating physician is to refer the claimant to a psychiatrist. The second step is for the psychiatrist to examine the claimant and make a detailed report consistent with the procedure described in section 12.4. The third step is for the claims administrator to review the psychiatrist's report and determine whether the psychiatric condition should be added as a compensable injury of the claim.

The three-step process in section 12.4 is inconsistent with section 12.5(a), which states that the initial psychiatric evaluation must be authorized by the claims administrator. Section 12.5(a) does not set forth any criteria a claims administrator should use to determine whether an initial psychiatric consultation should be approved. Unlike the three-step process in section 12.4, which utilizes expert medical and psychiatric professionals who make their determinations after directly examining a claimant, section 12.5(a) requires the claims administrator to make a psychiatric treatment decision without having a medical report from the treating physician or a psychiatric report from a psychiatrist who has seen the claimant. Instead, 12.5(a) requires the claims administrator to make this

determination based only on a request from the claimant.[5]

This Court has held that "[p]rocedures and rules properly promulgated by an administrative agency with authority to enforce a law will be upheld so long as they are reasonable and do not enlarge, amend or repeal substantive rights created by statute." Syllabus Point 4, *State ex rel. Callaghan v. W.Va. Civil Serv. Comm'n*, 166 W.Va. 117, 273 S.E.2d 72 (1980). We find that *W.Va.C.S.R.* § 85–20–12.5(a) is not a "reasonable" rule because it requires a claims administrator to make a psychiatric treatment decision without having the benefit of expert medical and psychiatric opinions on which to base this treatment decision. Because a claims administrator can deny psychiatric treatment before a claimant has the opportunity to see a psychiatric professional, we find that *W.Va. C.S.R.* § 85–20–12.5(a) does not comport with the express legislative intent set forth in the workers' compensation statutory law—it does not fulfill the Legislature's goal of compensating injured workers for injuries they have sustained "in the course of and resulting from their ... employment." *W.Va.Code* § 23–4–1(a)[2008].

As opposed to section 12.5(a), *W.Va.C.S.R.* § 85–20–9.10(g) is consistent with the three-step process contained in section 12.4 and with the Legislature's goal of compensating workers for injuries sustained in the course of their employment. *W.Va.C.S.R.* § 85–20–9.10(g) exempts a claimant from getting prior authorization from the claims administrator before seeking an initial psychiatric consultation. This exemption stated in section 9.10(g) is consistent with section 12.4, which requires a claimant's treating physician, not the claims administrator, to make the referral for an initial psychiatric consultation.

The policy reasons underlying sections 9.10(g) and 12.4 are compelling. A treating physician has the opportunity to personally treat and observe a claimant and can therefore make an informed decision on whether a referral for an initial psychiatric consultation is warranted. Sections 9.10(g) and 12.4 also promote expedited treatment for a claimant experiencing psychiatric problems because the treating physician can make an immediate referral to a psychiatrist, whereas under section 12.5(a), a claimant must apply to the claims administrator and wait for the request to be processed and ruled upon before the three-step process outlined in 12.4 can begin.

■ Based on all of the foregoing, we hold that *W.Va.C.S.R.* § 85–20–12.5(a) [2005] is an invalid administrative rule because it is in direct conflict with *W.Va.C.S.R.* § 85–20–9.10(g) [2005] and *W.Va.Code* § 23–4–1(a)[2008], and because it requires the claims administrator to make a psychiatric treatment decision without having the benefit of an expert psychiatric report, as required by *W.Va.C.S.R.* § 85–20–12.4 [2005]. We also hold that *W.Va.C.S.R.* § 85–20–12.4 [2005] sets forth the following three-step process that must be followed when a claimant is seeking to add a psychiatric disorder as a compensable injury in his/her workers' compensation claim: (1) the claimant's treating physician refers the claimant to a psychiatrist for an initial consultation; (2) following the initial psychiatric consultation, the psychiatrist is to make a detailed report consistent with the procedure described in *W.Va. C.S.R.* § 85–20–12.4 [2005]; and (3) the claims administrator, aided by the psychiatrist's report, is to determine whether the psychiatric condition should be added as a compensable injury in the claim.

■ Applying these holdings to the facts of this case, we conclude that the three-step process outlined in *W.Va.C.S.R.* § 85–20–12.4 was not followed. The claims administrator failed to follow the procedure in section 12.4 and neither the OOJ, nor the BOR order affirming the OOJ, discussed the three-step process that must be followed when a claimant seeks to add a psychiatric condition to his/her claim.

Because of our holding that *W.Va.C.S.R.* § 85–20–12.5(a) is an invalid administrative regulation, and our finding that Mr. Hale did not receive the process that he was entitled to under *W.Va.C.S.R.* § 85–20–12.4, we reverse the BOR's August 9, 2010, order and

---

5. In practical terms, section 12.5(a) creates a Catch–22 situation—it requires a claimant to demonstrate the need for psychiatric care before being seen by a psychiatric professional.

remand this matter to the BOR for entry of an order directing that Mr. Hale be seen by a psychiatrist for an initial evaluation.[6]

### IV. Conclusion

The BOR's August 9, 2010, order is reversed and we remand this matter for entry of an order directing that Mr. Hale receive a consultation with a psychiatrist who is to examine him and produce a report consistent with the procedure set forth in *W.Va.C.S.R.* § 85–20–12.4.

Reversed and Remanded with directions.

---

**6.** The order should also direct the psychiatrist to issue a report which provides the information required under section 12.4, following Mr. Hale's initial evaluation. Only after receiving and reviewing the psychiatrist's report following the initial evaluation can the claims administrator determine whether depression should be added as a compensable condition of Mr. Hale's claim.