STATE OF WEST VIRGINIA

FILED

June 27, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JANET L. RICHARDSON,**
**Claimant Below, Petitioner**

**vs.)  Nos. 13-0082 & 13-0483** (BOR Appeal Nos. 2047564 & 2047892)
                    (Claim No. 2012008470)

**SPEEDWAY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Janet L. Richardson, by M. Jane Glauser, her attorney, appeals two decisions of the West Virginia Workers' Compensation Board of Review.[1] Speedway, LLC, by Howard G. Salisbury Jr., its attorney, filed a timely response.

This appeal arises from two Final Orders of the Board of Review. In its April 23, 2013, Order, the Board affirmed an October 29, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 27, 2012, and April 19, 2012, decisions denying Ms. Richardson's request for physical and vocational rehabilitation. In its December 17, 2012, Order, the Board of Review affirmed a July 31, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 7, 2012; February 17, 2012; January 19, 2012; and December 29, 2011, decisions which denied authorization for a functional capacity evaluation, denied a request to reopen the claim for temporary total disability benefits, and closed the claim for temporary total disability benefits. The Office of Judges also reversed the claims administrator's April 6, 2012, and March 28, 2012, decisions which denied authorization for a psychological evaluation with Patricia M. Bailey, Ph.D. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record

---

[1] Ms. Richardson requested that the Court consolidate Appeal Nos. 13-0082 and 13-0483. Upon consideration, the Court granted her motion and consolidated the two appeals on May 22, 2013.

presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Richardson worked as a sales clerk for Speedway, LLC. On August 29, 2011, she was assaulted while at work. During the assault, her attacker shoved her repeatedly against a metal sink, which caused a significant bruise on her back. X-rays were taken of Ms. Richardson's back at Wheeling Hospital which showed multi-level disc narrowing. The x-ray did not identify any acute compression. Ms. Richardson then came under the care of Heather Gibbons, FNP-BC, who found that she had full range of motion and released her to return to regular work duty without restrictions. Ms. Richardson returned to work on September 3, 2011, but she continued to receive evaluations from Ms. Gibbons. The claims administrator held Ms. Richardson's claim compensable for a back contusion and determined that she was only eligible for necessary medical treatment and expenses. An MRI was then taken of Ms. Richardson's lumbar spine which revealed multi-level degenerative disc disease and herniations. In light of these findings, Ms. Gibbons placed Ms. Richardson on light work duty and restricted her from lifting more than ten pounds or standing for more than two hours in an eight hour day. Speedway, LLC, was not able to accommodate these restrictions, and Ms. Richardson stopped working. On December 29, 2011, the claims administrator closed her claim for temporary total disability benefits because there was no evidence that Ms. Richardson was disabled for more than three days as a result of her compensable injury. Sushil M. Sethi, M.D., then performed an independent medical evaluation of Ms. Richardson. He found that she had reached her maximum degree of medical improvement and required no further medical treatment for her compensable contusion. Dr. Sethi determined that Ms. Richardson continued to suffer from age-related degenerative disc disease at multiple levels of her spine. Ms. Richardson then requested that her claim be reopened for additional temporary total disability benefits considering that she was currently off work. On January 19, 2012, the claims administrator denied her request to reopen her claim because her current disability was not related to her compensable injury. The claims administrator also denied a request for a functional capacity evaluation on February 17, 2012, and in a corrected decision on March 7, 2012. On March 28, 2012, and in a corrected decision on April 6, 2012, the claims administrator denied a request for a psychological evaluation and treatment with Dr. Bailey. Finally, on April 19, 2012, and in a corrected decision on April 27, 2012, the claims administrator denied a request for a consultation with a psychologist to evaluate Ms. Richardson's mental status and denied a request for physical and vocational rehabilitation services.

On July 31, 2012, the Office of Judges affirmed the December 29, 2011; January 19, 2012; February 17, 2012; and March 7, 2012, decisions of the claims administrator. The Office of Judges, however, reversed the claims administrator's March 28, 2012, and corrected April 6, 2012, decisions and granted Ms. Richardson authorization for an evaluation with Dr. Bailey to determine if she had any psychological conditions related to the assault. On October 29, 2012, the Office of Judges also affirmed the April 19, 2012, and corrected April 27, 2012, decisions insofar as they denied Ms. Richardson's requests for physical and vocational rehabilitation services. The Office of Judges held that the other issues raised by the claims administrator's decisions were moot based on its July 31, 2012, Order. The Board of Review affirmed the July

31, 2012, Order of the Office of Judges on December 17, 2012, and the October 29, 2012, Order of the Office of Judges on April 23, 2013, leading Ms. Richardson to appeal.

In its July 31, 2012, Order, the Office of Judges concluded that Ms. Richardson was not temporarily and totally disabled as a result of her compensable injury. The Office of Judges found that the only injury Ms. Richardson received as a result of the assault was a contusion. The Office of Judges noted that Ms. Richardson returned to work within a few days of her injury and that Dr. Sethi determined that she had reached her maximum degree of medical improvement with respect to this condition. The Office of Judges also concluded that Ms. Richardson did not suffer a progression or aggravation of her condition and was, therefore, not entitled to have her claim reopened for additional temporary total disability benefits. The Office of Judges found that, if Ms. Richardson was unable to work, it was the result of her pre-existing degenerative conditions which were revealed in the November 16, 2011, MRI. The Office of Judges further concluded that the requested functional capacity evaluation was not medically related to the compensable injury. The Office of Judges found that, if a functional capacity evaluation was needed, it related to Ms. Richardson's non-compensable degenerative conditions. Finally, the Office of Judges concluded that a psychological evaluation with Dr. Bailey, to determine if any psychological conditions had arisen as a result of the injury, was appropriate considering the violent nature of the injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

In its October 29, 2012, Order, the Office of Judges concluded that physical and vocational rehabilitation services were not medically related to the compensable injury. The Office of Judges found that, if rehabilitation services were needed, it was related to Ms. Richardson's non-compensable degenerative conditions. The Office of Judges found that Ms. Richardson returned to work three days after the date of the compensable injury and was able to work without restrictions for almost three months. It determined that Ms. Richardson was only taken off her regular work duties when the November 16, 2011, MRI revealed that she had significant degeneration in her spine. The Office of Judges pointed out that Dr. Sethi believed that her degenerative conditions were age-related and pre-existed the compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of both decisions of the Board of Review and the findings of both Orders of the Office of Judges. Ms. Richardson has not demonstrated that she is entitled to any temporary total disability benefits in relation to her August 29, 2011, injury. Ms. Richardson returned to her regular work duties following the compensable injury without missing more than three days of work, and therefore, she cannot be granted temporary total disability benefits under West Virginia Code § 23-4-5 (2003). Ms. Richardson has also not shown that she is entitled to a reopening of her claim on a temporary total disability benefit basis. The only compensable condition in this claim is a back contusion, and the opinion of Dr. Sethi demonstrates that Ms. Richardson has reached her maximum degree of medical improvement with respect to this condition. She has not disclosed a progression or aggravation of her back contusion. Although Ms. Richardson stopped working, this disability is related to her degenerative conditions and not to the compensable injury. She is also not entitled to a functional capacity evaluation or to physical and vocational rehabilitation. Ms. Richardson has not

demonstrated that the requested functional capacity evaluation or rehabilitation services are medically related or reasonably required to treat her compensable contusion. The evidence in the record does not support the need for a functional capacity evaluation or for rehabilitation services. The record demonstrates that Ms. Richardson's compensable injury has resolved and is not limiting her ability to work. Finally, the Office of Judges' authorization of a psychological evaluation by Dr. Bailey was appropriate and complies with the holding of *Hale v. West Virginia Office of Insurance Commissioner*, 228 W. Va. 781, 785, 724 S.E.2d 752, 756 (2012). Ms. Richardson is entitled to a psychological evaluation in accordance with the provisions of West Virginia Code of State Rules § 85-20-12.4 (2006).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4