# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 30, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS RISER,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0706** (BOR Appeal No. 2049234)
(Claim No. 2012037032)

**CENTRE FOUNDRY MACHINE COMPANY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Thomas Riser, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Centre Foundry Machine Company, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 25, 2014, in which the Board affirmed a January 31, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 7, 2013, decision to deny the request for a psychiatric evaluation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Riser, a foundry worker for Centre Foundry Machine Company, was working on October 26, 2011, when he slipped, fell, and twisted his left knee. On November 2, 2011, Mr. Riser filled out a report of injury. The injury was described as a left knee contusion. On May 10, 2013, Mr. Riser reported to Bill Hennessey, M.D., for an independent medical evaluation. Dr. Hennessey opined that he was at his maximum degree of medical improvement and suffered from 4% whole person impairment related to the knee. No psychiatric issues were noted. On May 28, 2013, Mr. Riser reported to Michael Zilles, M.D., for an evaluation. Dr. Zilles

1

diagnosed a meniscal tear and requested that it be covered under the October 26, 2011, injury. He did not mention any psychiatric issues. Dr. Zilles recommended total left knee arthroplasty. On July 9, 2013, Mr. Riser reported to Dr. Zilles with questions about reporting his anxiety and depression related to his accident. Dr. Zilles recommended medications for the psychiatric problems. He did not provide Mr. Riser with a formal request for a psychiatric evaluation. The claims administrator denied the request for a psychiatric evaluation on August 7, 2013. Mr. Riser protested.

The Office of Judges determined that a psychiatric evaluation was not medically related and reasonably required to treat Mr. Riser's left knee injury that occurred on October 26, 2011. The Office of Judges noted that the record indicated that the only mention Mr. Riser has made of a psychiatric condition was to Dr. Zilles on July 9, 2013, in which he had questions about an impairment rating for anxiety and depression. The Office of Judges further noted that there has been no request in the record to refer Mr. Riser to a psychiatrist for an initial or any other type of consultation. Using those two reports, the Office of Judges determined that the only reason Mr. Riser was asking for psychiatric impairment was because he thought he would receive a permanent partial disability award based upon it. The Board of Review adopted the findings of the Office of Judges and affirmed its conclusion. However, the Board of Review noted that Mr. Riser could still use the three-step process that is set forth in West Virginia Code of State Rules § 85-20-12.4 (2006), which provides "[a]s a prerequisite to coverage, the treating physician of record must send the injured worker for a consultation with a psychiatrist who shall examine the injured worker…."

We agree with the consistent decisions of the Office of Judges and Board of Review. Mr. Riser has yet to provide a request for a psychiatric evaluation from a physician. The document upon which Mr. Riser relies says "[n]o prolonged walking may [illegible] to family medicine for anxiety depression." Based upon only this request, Mr. Riser has failed to show that a psychiatric evaluation is medically related and reasonably required to treat his compensable injury of October 26, 2011. As the Board of Review noted, if Mr. Riser wishes to have a psychiatric evaluation at the very least his physician must submit a legible request to do so. This decision is also consistent with this Court's holding in *Hale v. West Virginia Office of the Insurance Commissioner*, 228 W. Va. 781, 724 S.E.2d 752 (2012).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 30, 2015**

2

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II