# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Jason Travers,**
**Claimant Below, Petitioner**

**v.)**    **No. 23-173**    **(**Appeal No. 22-ICA-237)
(JCN: 2021002306)

**Blackhawk Mining, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jason Travers appeals the February 2, 2023, decision of the West Virginia Intermediate Court of Appeals ("ICA") affirming the October 11, 2022, decision of the Workers' Compensation Board of Review ("Board of Review"). In its decision, the Board of Review affirmed the claim administrator's January 24, 2022, order denying the addition of posttraumatic stress disorder ("PTSD") and anxiety disorder as compensable conditions in the claim. Respondent Blackhawk Mining, LLC filed a timely response.[1] The issue on appeal is the compensability of the petitioner's psychiatric conditions. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

In August 2020, the petitioner, a coal miner who works for the respondent, suffered injuries when his head became pinned between two pieces of equipment as the mantrip in which he was riding continued to move. The claim administrator held the claim compensable. The petitioner's treating physician, Kyle Muscari, D.O., released him to return to work in December 2020.

At the same time, Dr. Muscari referred the petitioner to Brandon Workman, D.O., a licensed psychiatrist, due to his reports of anxiety after the compensable injury occurred. The petitioner saw Dr. Workman for his initial evaluation in May 2021. In his treatment notes, Dr. Workman recorded the petitioner as saying that he was there as part of his workers' compensation claim and that, following the compensable injury, there were a lot of flashbacks, hypervigilance, increased anxiety and irritability, negative thoughts and dreams, and avoidance. While the petitioner's anxiety had improved, the petitioner reported that some difficult-to-anticipate scenarios cause panic attacks given their similarity to the workplace incident. Dr. Workman

---

[1] The petitioner is represented by counsel Reginald D. Henry and Lori J. Withrow, and the respondent is represented by counsel Jane Ann Pancake, T. Jonathon Cook, and Jeffrey B. Brannon.

1

diagnosed the petitioner with PTSD and anxiety disorder. Dr. Workman prescribed Ativan and duloxetine. Records from Dr. Workman's office from May 2021 through January 2022 reflect that Ativan helped with the petitioner's PTSD and that Dr. Workman began treating the petitioner for his attention deficit hyperactivity disorder, a preexisting condition.

In January 2022, Dr. Muscari submitted a diagnosis update requesting the addition of PTSD and anxiety disorder as compensable conditions in the claim. The claim administrator denied the request due to non-compliance with West Virginia Code of State Rules § 85-20-12.4. In its October 2022 decision, the Board of Review affirmed the claim administrator's order, stating that West Virginia Code of State Rules § 85-20-12.4 requires the denial of the addition of psychiatric conditions when there is no detailed report from the psychiatrist after the initial consultation with the claimant. The Board of Review found that Dr. Workman failed to provide "the specific facts, circumstances[,] and other authorities relied upon to determine the causal relationship of the psychiatric condition and the compensable injury." In *Travers v. Blackhawk Mining*, No. 22-ICA-237, 2023 WL 1464109 (W. Va. Ct. App. Feb. 2, 2023) (memorandum decision), the ICA affirmed, rejecting the petitioner's argument that the Board of Review was clearly wrong. *Id.* at *3-4.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166 (W. Va. Apr. 22, 2024). On appeal, the parties dispute whether Dr. Workman's treatment notes from May 2021 satisfy the requirement for "a detailed report" pursuant to Syllabus Point 2 of *Hale v. W. Va. Off. of Ins. Comm'r*, 228 W. Va. 781, 724 S.E.2d 752 (2012), and West Virginia Code of State Rules § 85-20-12.4. In Syllabus Point 2 of *Hale*, this Court held, in pertinent part, that before a psychiatric diagnosis may be added to a workers' compensation claim, "following the initial psychiatric consultation, the psychiatrist is to make a detailed report consistent with the procedure described in [West Virginia Code of State Rules] § 85-20-12.4[.]" 228 W. Va. at 782, 724 S.E.2d at 753. West Virginia Code of State Rules § 85-20-12.4 provides, in pertinent part, that "[the] psychiatrist . . . shall examine the injured worker to determine 1) if a psychiatric problem exists; 2) whether the problem is directly related to the compensable condition; and 3) if so, the specific facts, circumstances, and other authorities relied upon to determine the causal relationship." None of the treatment notes from Dr. Workman's office undermine the Board of Review's finding that Dr. Workman failed to provide the information that West Virginia Code of State Rules § 85-20-12.4 requires. Therefore, we conclude that the ICA properly affirmed the Board of Review's decision upholding the claim administrator's denial of the addition of PTSD and anxiety disorder as compensable conditions. *See id.* ("Failure to provide this information shall result in the denial of the additional psychiatric diagnosis.").

Affirmed.

**ISSUED: August 7, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice C. Haley Bunn

**DISSENTING:**

Justice John A. Hutchison
Justice William R. Wooton

Hutchison, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.

Wooton, J., dissenting:

Petitioner Jason Travers filed a workers' compensation claim after he was pinned between two pieces of equipment while riding in a mantrip as a coal miner. There is no dispute that the petitioner's crush injuries to his head and chest were compensable conditions that occurred "in the course of and resulting from [his] covered employment[.]" W. Va. Code § 23-4-1. The parties, however, disagree as to whether the petitioner's psychiatric conditions—anxiety and post-traumatic stress disorder ("PTSD")—are additional components of the compensable claim. By affirming a decision of the West Virginia Intermediate Court of Appeals ("ICA") that denies the addition of these claims, the majority perfunctorily concludes that these psychiatric conditions are not compensable because the documentation of these conditions is insufficient. In so holding the majority opinion frustrates the purpose of the West Virginia Workers' Compensation Act - Mr. Travers' psychiatric conditions are clearly compensable. For that reason, I respectfully dissent.

The sole issue in this case is whether the petitioner's psychiatric conditions were properly excluded from his compensable workers' compensation claim. The petitioner was initially diagnosed with physical crush injuries from the occupational accident. A few months later he was diagnosed with anxiety and referred to a licensed psychiatrist due to his reports of anxiety stemming from the circumstances surrounding his compensable claim. Upon his initial presentation with the psychiatrist the petitioner reported the following: repeated flashbacks, hypervigilance, increased anxiety and irritability, negative thoughts and dreams, and avoidance. The psychiatrist diagnosed the petitioner with PTSD and anxiety disorder. Thereafter, the petitioner's referring physician requested the addition of PTSD and anxiety disorder as compensable conditions in his workers' compensation claim.

The claim administrator denied the request to add the petitioner's psychiatric conditions. The denial was not on the merits or because the claims administrator found that the conditions

3

were not linked to petitioner's compensable claim. Instead, the denial was based upon the psychiatrist's non-compliance with West Virginia Code of State Rules § 85-20-12.4 that requires the denial of addition of psychiatric conditions when there is no detailed report from the psychiatrist after the initial psychiatric consultation. The Board of Review affirmed the claim administrator's order and found that the psychiatrist failed to provide "the specific facts, circumstances[,] and other authorities relied upon to determine the causal relationship of the psychiatric condition and the compensable injury." In *Travers v. Blackhawk Mining*, No. 22-ICA-237, 2023 WL 1464109 (W. Va. Ct. App. Feb. 2, 2023) (memorandum decision) the ICA affirmed, rejecting the petitioner's argument that the Board of Review was clearly wrong.

The purpose of the West Virginia Code Workers' Compensation Act (the "Act") is to "compensate[e] employee[s] who ha[ve] suffered an injury or disease in the course of and resulting from his/her employment and [to] shield[] the employer from liability outside the workers' compensation system for such injury." Syl. Pt. 3, in part, *Messer v. Huntington Anesthesia Grp., Inc.*, 218 W. Va. 4, 620 S.E.2d 144 (2005). The workers' compensation statutory scheme is in derogation of the common law, is remedial in nature, and "should be liberally construed to effectuate [its] purpose." *See* Syl. Pt. 6, in part, *Vest v. Cobb*, 138 W. Va. 660, 76 S.E.2d 885 (1953); *see also State ex rel. 3M Co. v. Hoke*, 244 W. Va. 299, 309, 852 S.E.2d 799, 809 (2020) ("Where an act is clearly remedial in nature, we must construe the statute liberally so as to furnish and accomplish all the purposes intended.") We have long held that the Act "requir[es] the state compensation commissioner in administering the workmen's compensation fund, to ascertain the substantial rights of the claimants in such manner as will 'carry out justly and liberally the spirit of the act' unrestricted by technical and formal rules of procedure ...." Syl. Pt. 2, in part, *Plummer v. Workers Compensation Div.*, 209 W. Va. 710, 551 S.E.2d 46 (2001).

Without any analysis or explanation the majority opinion summarily affirms the ICA and BOR opinions and concludes that petitioner's psychiatric conditions cannot be added to his claim because the psychiatrist's report was not sufficiently detailed as required by Rule § 85-20-12.4 of the West Virginia Code of State Rules. In so doing the majority construes this rule in an extremely narrow fashion, contrary to our established jurisprudence. Instead of focusing on the substantial rights of the petitioner, the majority is fixated on the technical and formal rules of procedure. Although we accord deference to the Board of Review's findings of fact, the finding that the psychiatric conditions were not compensable because the report was inadequate was clearly wrong. Simply put, the psychiatric conditions are compensable and the Board of Review opinion should be reversed.

For the reasons set forth in this opinion, I respectfully dissent.