# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**K.C.,**
**Claimant Below, Petitioner**

**v.)**     **No. 24-19**    (JCN: 2019025009)
                              (ICA No. 22-ICA-323)

**Appalachian Community Health,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner K.C.[1] appeals the November 1, 2023, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See K.C. v. Appalachian Community Health*, No. 22-ICA-323, 2023 WL 7202959 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision). Respondent Appalachian Community Health filed a response.[2] The issue on appeal is whether the ICA erred in affirming the November 18, 2022, decision of the West Virginia Workers' Compensation Board of Review, which affirmed the Workers' Compensation Office of Judges' May 20, 2022, order.[3] In its order, the Office of Judges affirmed four orders of the claim administrator entered during May 2020, which (1) denied the addition of post-traumatic stress disorder ("PTSD") as a compensable psychiatric condition; (2) denied requests for a (second) mental health evaluation for

---

[1] We use initials due to reference to sensitive medical information. *See* W. Va. R. App. P. 40(e)(4).

[2] The claimant is represented by counsel James D. McQueen Jr., and the employer is represented by counsel Steven K. Wellman and James W. Heslep.

[3] The Board of Review decided the appeal of an order entered by the Office of Judges on May 20, 2022; this appeal was already pending at the Board of Review on June 30, 2022, when the West Virginia workers' compensation system underwent a significant restructuring. Despite the restructuring, the Board of Review was responsible for deciding this and "all remaining appeals filed with the Board of Review, of Office of Judges' decisions issued prior to June 30, 2022[.]" *See* W. Va. Code § 23-5-8b(e). The order entered by the Board of Review was then appealed to the ICA, which pursuant to West Virginia Code § 23-5-8b(d)(2), has exclusive jurisdiction over all final orders or decisions issued by the Board of Review after June 30, 2022. *See also* W. Va. Code § 23-5-15(a) (directing that prior statutory provisions allowing for appeals from Board of Review directly to Supreme Court of Appeals do not apply to any Board of Review decision issued after June 30, 2022).

possible PTSD and for a second opinion regarding complex regional pain syndrome ("CRPS"); (3) denying authorization for continued physical therapy for the right upper extremity; and (4) closing the claim for temporary total disability benefits.[4]

The claimant asserts that the claim administrator failed to follow the process outlined in *Hale v. West Virginia Office of Insurance Commissioner*, 228 W. Va. 781, 724 S.E.2d 752 (2012), in its consideration of her request to add PTSD to the claim. The claimant further argues that while psychiatrist Timothy Thistlethwaite, M.D., did not diagnose her with PTSD, the claim administrator should have ruled on the compensability of those psychiatric diagnoses Dr. Thistlethwaite made and attributed to the compensable injury. In addition, the claimant argues that the issue of the compensability of CRPS was before the Office of Judges and that the Office of Judges failed to rule that CRPS was compensable. The claimant argues that the preponderance of the evidence established that CRPS constituted a component of the compensable injury, which requires the reinstatement of temporary total disability benefits and the authorization of continued physical therapy until such time that the claimant reaches maximum medical improvement. The employer counters by arguing that the claimant points to no erroneous procedure, no arbitrary or capricious conclusions, and no abuse of discretion or jurisdictional error by the tribunals below.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: January 14, 2025**


**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

[4] In April 2020, the claim administrator granted an award of 0% permanent partial disability, which the claimant protested. However, on appeal to this Court, the claimant does not challenge the 0% award. Instead, the claimant argues that she has not yet reached maximum medical improvement and should be reevaluated for permanent partial disability once she has achieved that status.