# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**UNITED COAL COMPANY, LLC,**
**Employer Below, Petitioner**

**v.) No. 25-ICA-449**        (JCN: 2021024760)

**B.C.,**
**Claimant Below, Respondent**

**FILED**
**June 2, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner United Coal Company, LLC ("United") appeals the October 16, 2025, order of the Workers' Compensation Board of Review ("Board").[1] Respondent B.C. did not participate on appeal.[2] The issue on appeal is whether the Board erred in reversing the claim administrator's order, which denied recurrent major depressive disorder and generalized anxiety disorder as compensable diagnoses in the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds there is error in the Board's decision but no substantial question of law. For the reasons set forth below, a memorandum decision affirming in part and reversing in part is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

B.C., an electrician, completed an Employees' and Physicians' Report of Occupational Injury form dated June 4, 2021, and indicated that he sustained multiple injuries when he was working in a United mine and a rock fell on him. Medical personnel at Raleigh General Hospital completed the physicians' section of the form. The description of injury was listed as multisystem trauma/mining accident. The medical provider indicated that B.C. injured his shoulder, ribs, lungs, back, and both legs. Further, the provider stated that B.C.'s condition was the direct result of an occupational injury.

---

[1] United is represented by H. Dill Battle III, Esq. B.C did not participate.

[2] Consistent with our practice in cases with sensitive facts, we use initials when necessary to protect the identities of those involved in this case. *See In Re K.H.*, 235 W. Va. 254, 256 n.1, 773 S.E.2d 20, 22 n.1 (2015).

1

On June 10, 2021, Ereny Magdy Bishara, D.O., performed an open reduction internal fixation of the right trimalleolar ankle fracture equivalent. The pre-operative and post-operative diagnoses were right trimalleolar ankle fracture equivalent.

A CAMC General Hospital progress note dated June 15, 2021, stated that B.C. was admitted to the hospital on June 4, 2021, following a mining accident at work. The assessment included the following diagnoses: concussion, bilateral hemothorax, bilateral pulmonary contusions, left scapular fracture, right 7-10 rib fractures, left 6-10 rib fractures, T9 and T11-L5 compression fractures, L1 vertebral fracture, left proximal fibula fracture, left open distal fibula fracture, right trimalleolar fracture, left scalp laceration, DVT, vitamin D insufficiency, hypocalcemia, hypertension, history of pulmonary embolism in 2018, acute blood loss anemia, leukocytosis, tachycardia, left upper extremity ecchymosis, edema, retroperitoneal hematoma, left kidney laceration, and left sacral fracture.

By order dated June 16, 2021, the claim administrator held the claim compensable for traumatic hemopneumothorax, fracture of left scapula, multiple fractures of the ribs, fracture of T11-T12 vertebra, stable burst fracture of second lumbar vertebra, other fracture of the fourth lumbar vertebra, fracture of the sacrum, fracture of the left lower leg, displaced trimalleolar fracture of the right lower leg, wedge compression fracture of unspecified thoracic vertebra, and wedge compression fracture of unspecified lumbar vertebra.

On August 10, 2022, Bruce Guberman, M.D., evaluated B.C. Dr. Guberman noted that B.C. suffered multiple injuries when a rock fell on him while he was working in an underground coal mine. B.C. reported a history of anxiety following his injury. Based upon his evaluation of B.C. and a review of the available medical records, Dr. Guberman diagnosed the following conditions: traumatic hemopneumothorax, fracture of the left scapula, multiple bilateral rib fractures, burst fractures of the first lumbar vertebra and second lumbar vertebra, fracture of the fourth lumbar vertebrae, fracture of the right transverse process of T12, status post bilateral transverse fractures at L1, status post bilateral transverse process fractures at L2, right transverse process fracture at L3 and L4, history of sacral fracture, history of displaced trimalleolar fracture of the right lower leg, history of displaced trimalleolar fracture of the left fibula with open reduction internal fixation and syndesmotic screw placement, history of proximal fibular fracture, history of tear of the ACL/PCL with medical and lateral meniscus tears of the left knee, and status post left knee arthroscopic ACL allograft and PCL allograft reconstruction in addition to arthroscopic partial medical and partial lateral meniscectomy. Dr. Guberman found B.C. to be at maximum medical improvement ("MMI") and found a total of 35% whole person impairment related to the compensable injuries of June 4, 2021.

On September 14, 2022, David Soulsby, M.D., evaluated B.C. regarding his work-related injuries of June 14, 2021. Dr. Soulsby noted that B.C.'s past medical history included anxiety, mid and lower back pain, and hypertension. Dr. Soulsby found that B.C. had reached MMI in regard to all of his compensable injuries with the exception of the

right ankle. Regarding the right ankle injury, Dr. Soulsby noted that B.C. had developed significant posttraumatic osteoarthritis that was painful and functionally limiting, and he recommended an evaluation by a foot and ankle specialist.

On January 27, 2023, Michael Gentile, D.P.M., saw B.C. for an orthopedic evaluation of the right ankle injury that occurred in June of 2021. Dr. Gentile noted that B.C. was injured in a coal mining accident when a very large rock fell on him and he sustained multiple vertebral fractures, a shoulder injury, and bruising on his head. Further, Dr. Gentile noted that B.C.'s past medical history was positive for DVT, PE, arthritis, hypertension, anxiety, and depression. B.C. was using a cane to help his ankle and back, and he had no intention of returning to work in the coal mines. Dr. Gentile did not foresee B.C. returning to any kind of job that would require him to be on his feet for long periods of time.

On July 18, 2023, Dr. Soulsby issued an addendum report regarding B.C.'s claim. Dr. Soulsby found B.C. to be at MMI in regard to his compensable injuries, and he performed an evaluation of B.C.'s whole person impairment. Dr. Soulsby noted that some of the claimant's injuries had improved since his last evaluation, while others had worsened. Dr. Soulsby found B.C. to have a combined 46% whole person impairment for the compensable injuries of June 4, 2021.

Kyle Muscari, D.O., saw B.C. on October 2, 2023. B.C. presented with a past medical history that was significant for anxiety, alcohol abuse, fatty liver disease, gastroesophageal reflux disease, hyperlipidemia, hypertension, and Type 2 diabetes. Dr. Muscari noted that B.C.'s history of generalized anxiety disorder had an onset date of July 13, 2022. From a psychiatric perspective, B.C. was noted to be active and alert and to have good insight, good judgement, and normal mood and affect. Dr. Muscari assessed cellulitis.

On December 7, 2023, B.C. began treatment with Omar Hasan, M.D, a psychiatrist. B.C. indicated he was experiencing anxiety and depression. B.C. told Dr. Hasan about how he was injured in a roof fall in a mine, and that he fractured both ankles, sustained seven vertebral fractures, fractured his left clavicle, and tore his ACL and PCL. B.C. described decreased functional status and ongoing physical limitations that affected his daily functioning. B.C. reported that he was diagnosed with generalized anxiety disorder and major depressive disorder in 2022, and his primary care provider had been prescribing medications to treat these disorders. Dr. Hasan noted that B.C. had a long history of alcohol use disorder. B.C. indicated that he had the following symptoms: some anhedonia, decreased energy, variable concentration, increased levels of anxiety, frustration with his physical limitations, and relationship issues. B.C. reported that he had been a daily drinker for fifteen to twenty years, and that he drank eight twelve-ounce beers per day. A mental status examination of B.C. revealed a depressed mood and increased anxiety. Dr. Hasan assessed alcohol abuse, generalized anxiety disorder, and recurrent major depressive disorder. Dr. Hasan prescribed Cymbalta.

Sharon Smith, MA, of Family Options Providers, wrote in correspondence dated January 3, 2024, that B.C. began therapy in October 2023 and continued attending every week. B.C. presented with symptoms of post-traumatic stress disorder ("PTSD"), depression, nightmares, trouble sleeping, irritability, anger outbursts, and a reluctance to talk about his work injuries. B.C. seemed to be in pain while sitting for thirty or forty-five minutes at a time, and Ms. Smith noted that the work injury had disrupted his normal lifestyle, his personal relationships, his family life, his identity as a coal miner, and his mental health. B.C. was learning to refocus from the pain and sleep better. Ms. Smith opined that B.C. would likely continue to experience anxiety, social anxiety, pain, and PTSD symptoms.

B.C. followed up with Dr. Hasan on February 14, 2024, and reported that Cymbalta was helping with his irritability, and that his mood was relatively stable. Dr. Hasan assessed recurrent major depressive episodes. Under a section of his report regarding "Reviewed Problems," Dr. Hasan indicated that the onset of B.C.'s generalized anxiety disorder and alcohol abuse were July 13, 2022, and January 6, 2023, respectively. Major depressive disorder was not listed in this section. Dr. Hasan completed a Diagnosis Update form dated April 10, 2024, which requested that recurrent major depressive disorder, generalized anxiety disorder, and alcohol abuse be added as compensable diagnoses in the claim. Dr. Hasan listed the date of injury as June 4, 2021, and referenced his clinical notes instead of providing his clinical findings as to how the conditions relate to the compensable injury.

Ms. Smith authored an additional letter dated May 10, 2024, regarding B.C.'s therapy care. B.C. continued to participate in weekly counseling and was learning coping skills for all of the symptoms related to his work injury. Ms. Smith indicated that B.C. suffered from PTSD, depression, anxiety, irritability, sleep disturbance, and anger outbursts. B.C. was coping with his inability to work but continued to have a difficult time talking about his work accident. Ms. Smith indicated that B.C. seemed to be in constant pain and was rarely able to sit through a sixty-minute session without moving around the room. B.C. was motivated to change but often relapsed into depression due to the pain. Ms. Smith recommended that B.C. continue with therapy to manage his depression, pain, anger, sleep issues, and anxiety.

Randall Short, D.O., completed a physician review dated May 20, 2024, regarding Dr. Hasan's request to add recurrent major depressive disorder and generalized anxiety disorder as compensable conditions in the claim. Dr. Short stated that B.C. was not evaluated by a psychiatrist/psychologist until October of 2023, which was after he underwent surgical removal of a malignant lung tumor. Also, Dr. Short noted that B.C.'s significant alcohol abuse had been ongoing for fifteen to twenty years. Thus, Dr. Short did not recommend that alcohol abuse be added as a compensable condition in the claim. Moreover, Dr. Short noted that Exhibit A in Rule 20 provides that generalized anxiety disorder is not by definition significantly contributed to by a work-related injury unless the disorder is in the phrase "due to a general medical condition" where the general medical

condition is caused by the work-related injury. Further, Dr. Short stated that there were no psychiatric medical records to support the diagnoses of major depressive disorder and generalized anxiety disorder in the record. Thus, Dr. Short did not recommend that generalized anxiety disorder or major depressive disorder (mild) be added to the claim as compensable.

By order dated May 28, 2024, the claim administrator denied Dr. Hasan's request to add major depressive disorder, generalized anxiety disorder, and alcohol abuse as compensable conditions in the claim. The claim administrator stated that, per Dr. Short's physician's review, these diagnoses were not recommended as compensable conditions in the claim. B.C. requested reconsideration of the claim administrator's decision by the Encova Select Grievance Board.

The Encova Select Grievance Board convened on July 23, 2024, to consider B.C.'s request for reconsideration of the denial of the diagnosis update to add the diagnoses of recurrent major depressive disorder, generalized anxiety disorder, and alcohol abuse to the claim. The Encova Select Grievance Board found that the denial of the Diagnosis Update to add recurrent major depressive disorder, generalized anxiety disorder, and alcohol abuse to the claim should be affirmed based on Dr. Short's review. The Encova Select Grievance Board found that the onset of B.C.'s symptoms was not until October of 2023, following an unrelated lung surgery.

By order dated October 16, 2025, the Board reversed the claim administrator's order insofar as it denied recurrent major depressive disorder and generalized anxiety disorder as compensable diagnoses. The Board found that B.C. established by a preponderance of the evidence that recurrent major depressive disorder and generalized anxiety disorder should be added as compensable diagnoses in the claim.[3] It is from this order that United now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the

---

[3] The Board also found that alcohol abuse should not be a compensable condition in the claim. United does not appeal this portion of the Board's order. The Board found that alcohol abuse disorder is a preexisting condition and is unrelated to the compensable condition.

petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, United argues that the Board's decision in allowing generalized anxiety disorder and major depressive disorder as compensable conditions is not supported by the evidence of record. Further, United avers that the medical evidence does not establish a causal connection between the diagnoses of major recurrent depressive disorder and generalized anxiety disorder and the injuries sustained on June 4, 2021. United also asserts that the medical evidence does not meet the requirements of proving a causal connection for psychiatric diagnoses pursuant to West Virginia Code of State Rules § 85-20-12.4 (2006). Finally, United avers that the diagnosis of generalized anxiety disorder is not compensable pursuant to West Virginia Code of State Rules § 85-20-12.2a and Exhibit A. We disagree with United's argument that the Board erred in holding that major depressive disorder should be added as a compensable condition in the claim. However, we agree that the Board erred in holding that generalized anxiety disorder should be added as a compensable condition in the claim.

Three elements must coexist in workers' compensation cases to establish compensability: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Regarding the compensability of psychiatric diagnoses, West Virginia Code of State Rules § 85-20-12.4 (2006) provides that:

Services may be approved to treat psychiatric problems only if they are a direct result of a compensable injury. As a prerequisite to coverage, the treating physician of record must send the injured worker for a consultation with a psychiatrist who shall examine the injured worker to determine (1) if a psychiatric problem exists; (2) whether the problem is directly related to the compensable condition; and (3) if so, the specific facts, circumstances, and other authorities relied upon to determine the causal relationship. The psychiatrist shall provide this information, and all other information required in section 8.1 of this Rule in his or her report. Failure to provide this information shall result in the denial of the additional psychiatric diagnosis.

6

Further, the Supreme Court of Appeals of West Virginia ("SCAWV") has held that the three-step process outlined in West Virginia Code of State Rules § 85-20-12 must be followed when a claimant seeks to add a psychiatric condition to a claim. *See Hale v. W. Va. Off. of Ins. Comm'r*, 228 W. Va. 781, 724 S.E.2d 752 (2012).[4]

Here, the Board found that the weight of the evidence indicates that the diagnoses of generalized anxiety disorder and recurrent major depressive disorder arose as a direct result of the compensable injury. The Board found that Dr. Hasan's Diagnosis Update specifically relates the diagnoses of generalized anxiety disorder and recurrent major depressive disorder to the compensable injury. Further, the Board found that the reports of Dr. Guberman, Dr. Soulsby, Dr. Gentile, Dr. Muscari, Dr. Hasan, and Ms. Smith document an onset of anxiety and depressive symptomatology following the compensable injury in this claim, which corroborates Dr. Hasan's findings. The Board also found that there was no evidence of record that B.C. had been diagnosed with generalized anxiety disorder or major depressive disorder prior to the compensable injury. The Board concluded that Dr. Short's findings that B.C.'s psychiatric diagnoses were causally related to his previous lung surgery were not credible, and that Dr. Hasan's findings were persuasive. Based on the foregoing, the Board found that the record contains substantial medical evidence corroborating Dr. Hasan's finding that the diagnoses of generalized anxiety disorder and recurrent major depressive disorder are causally connected to the compensable injury.

Upon review, we conclude that the Board was not clearly wrong in finding that B.C. established that major depressive disorder is a compensable condition in the claim. The Board found that Dr. Hasan's Diagnosis Update specifically relates the diagnosis of major depressive disorder to the compensable injury, and that his findings are corroborated by the weight of the medical evidence. The Board specifically found that Dr. Hasan's findings were persuasive, and that his opinion is informed by his status as B.C.'s treating psychiatrist. There is no evidence of record that B.C. was diagnosed with major depressive disorder prior to the compensable injury. Further, the Board found that the weight of the evidence indicates that recurrent major depressive disorder arose as a direct result of the compensable injury. We will defer to the Board's findings and weighing of the evidence with respect to the diagnosis of major depressive disorder.

---

[4] *Hale* and Rule 12.4 have not been overturned, but the Supreme Court has upheld several of the Board's decisions that focused on whether the claimant provided sufficient information to the claim administrator, rather than a strict interpretation of the Rule. Additionally, in *Genesis Healthcare Corporation v. D.N.*, No. 21-0500, 2023 WL 355658 (W. Va. Jan. 23, 2023), the SCAWV affirmed the Board's decision finding the conditions of major depressive disorder and generalized anxiety disorder compensable where there was not a detailed report by the psychiatrist who completed the Diagnosis Update.

However, we conclude that the Board was clearly wrong insofar as it reversed the claim administrator's order and held that generalized anxiety disorder should be added as a compensable condition in the claim. United argues that generalized anxiety disorder is not eligible to be included as a compensable condition as West Virginia Code of State Rules § 85-20 Exhibit A ("Rule 20 Exhibit A") contains a list of psychiatric diagnoses, which are, by definition, not significantly contributed to by a work-related injury, unless the disorder ends in the phrase "due to a general medical condition" where the general medical condition is "caused by the work-related injury." Rule 20 Exhibit A specifies that generalized anxiety disorder is one such diagnosis that is not compensable unless the disorder ends in the phrase 'due to a general medical condition' where the general medical condition is caused by the work-related injury. Here, Dr. Hasan's Diagnosis Update and treatment notes did not include the phrase "due to a general medical condition" in relation to the diagnosis of generalized anxiety disorder. *See Gration v. Contura Energy Inc*., No. 21-0549, 2023 WL 2783187, at \*4 (W. Va. Apr. 3, 2023) (memorandum decision) (Finding that generalized anxiety disorder was not a compensable condition where the diagnosis was not attributable to a general medical condition). Based on the foregoing, we conclude that the Board was clearly wrong in finding that generalized anxiety disorder is a compensable condition in the claim.

In summary, we affirm the portion of the Board's October 16, 2025, order that held the claim compensable for major depressive disorder. However, pursuant to West Virginia Code of State Rules § 85-20-12.2a and Rule 20 Exhibit A, we reverse the portion of the Board's order which held the claim compensable for generalized anxiety disorder.

Accordingly, we affirm in part and reverse in part the Board's October 16, 2025, order.

Affirmed, in part, and Reversed, in part.

**ISSUED:** June 2, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

8